UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
WILLIAM JONES,

Plaintiff,

-against-

MOTIVATE, LLC, and ABDUL MUHAMMAD,

Defendants.
-----------------------------------------------------------X

Civil Case No.: 1:26-cv-3931

**COMPLAINT**

Plaintiff WILLIAM JONES, by and through his attorneys, the BELL LAW GROUP PLLC, respectfully alleges, upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1. This action arises from Defendants' unlawful discrimination against Plaintiff on the basis of his disability (severed finger). Plaintiff took medical leave after his pinky was severed in a workplace accident. He returned to work, and soon after to his regular duties as an ebike repairman. Approximately six weeks after Plaintiff's return to work, Defendants terminated him in violation of the Americans with Disabilities Act ("ADA") and the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"), allegedly as a result of low productivity. However, as of the time of his termination, Plaintiff's productivity had returned to its pre-injury level and exceeded the required productivity levels for other employees.

**JURISDICTION AND VENUE**

2. This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§1331 & 1343. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because those claims are so related to the federal claims that they form a part of the same case or controversy between Plaintiff and Defendants.

3. Venue is proper in this case pursuant to 28 U.S.C. §1391 because (1) Defendant MOTIVATE is located in New York County, New York, which is located in the Southern District of New York, and (2) the events which give rise to the Plaintiff's claims took place in New York County, New York, which is located in the Southern District of New York.

**PARTIES**

4. Plaintiff WILLIAM JONES ("Mr. Jones") is a resident and domiciliary of Orange County, New York. At all times relevant to the Complaint, Mr. Jones was an "employee" of Defendant MOTIVATE LLC (hereinafter, "Defendant") as that term is defined by the ADA, the NYCHRL, and New York State Executive Law §§ 290 et seq.

5. Defendant MOTIVATE was and still is a foreign limited liability company authorized to conduct business in New York pursuant to section 802 of the Limited Liability Company law. Its principal place of business is located at 353 West Street, Unit 225, New York, NY 10014. At all times relevant to the Complaint, Defendant was Mr. Jones's "employer," as that term is defined by the ADA, the NYCHRL, N.Y.C. Admin. Code § 8-102, and New York State Executive Law §§ 290 et seq.

6. Defendant MUHAMMAD at all relevant times was employed at Defendant MOTIVATE and was Plaintiff's "employer" under the NYSHRL and NYCHRL as he had authority over the terms, conditions, or privileges of his employment, as well as the authority to hire, fire, and discipline him and other employees.

## ADMINISTRATIVE PROCEDURES

7. On August 28, 2024, Plaintiff filed a timely charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") bearing EEOC Charge No. 520-2024-07704.

8. On February 12, 2026, the EEOC transmitted to Plaintiff a Notice of Right to Sue, dated January 30, 2026, the EEOC issued Mr. Jones a Notice of Right to Sue. Annexed hereto, and hereby incorporated into this Complaint, as Exhibit A, is a copy of the EEOC correspondence transmitting Plaintiff's Final Decision. Annexed hereto and hereby incorporated into this Complaint as Exhibit B is Plaintiff's Charge of Discrimination and Notice of Right to Sue.

9. Mr. Jones has complied with any and all other prerequisites to filing this action.

## FACTUAL ALLEGATIONS

10. Plaintiff was hired by Defendant MOTIVATE as an ebike repairman on April 25, 2023.

11. Plaintiff's work location was the New York City Citibike facility operated by Defendant, located within New York City.

12. Plaintiff's pinky finger on his left hand was severed in an on-the-job injury on or about July 24, 2023, resulting in him being medically unable to work.

13. Plaintiff was in contact with his supervisor, Defendant Abdul Muhammad ("Defendant Muhammad") about his status and availability to return to work throughout the period he was absent due to his injury.

14. On or around September 9, 2023, Plaintiff informed Defendant MUHAMMAD that he was well enough to return to work.

15. On or around September 20, 2023, Plaintiff returned to work.

16. Upon returning to work, Plaintiff was made responsible for handing out bicycles to others for repairs and floating between tasks rather than working on bicycles himself to give him time to adjust to working with his disability.

17. Approximately one month after returning to work, in or around late October 2023, Plaintiff returned to his regular duties repairing bicycles.

18. Repairmen, including Plaintiff, have a target of fixing eight bicycles per day.

19. Prior to his injury, Plaintiff regularly fixed ten bicycles per day. Soon after returning to his bicycle repair duties, Plaintiff returned to that level of productivity.

20. On or around November 1, 2023, Defendant MUHAMMAD informed Plaintiff that he might be terminated due to low productivity and having had 40 absences.

21. Both any decrease in productivity and the absences referenced were a result of Plaintiff's workplace injury.

22. Plaintiff's average productivity was approximately 8.1 bicycles a day. This average reflected Plaintiff starting at a lower productivity level immediately after returning to repair work, before returning to his pre-injury productivity level of fixing approximately ten bicycles per day.

23. On or around November 3, 2023, Defendant MUHAMMAD told Plaintiff not to report to work because of his low productivity.

24. On November 7, 2023, Defendant sent Plaintiff a letter informing him his employment was terminated effective November 4, 2023.

25. At no point prior to terminating Plaintiff's employment did Defendant engage in any interactive process with Plaintiff regarding reasonable accommodations for his disability, as required by the ADA, NYSHRL, and NYCHRL.

26. Defendant was aware of Plaintiff's disability and its effects on his work performance. Notwithstanding this knowledge, Defendant failed to explore or offer any formal reasonable accommodation before terminating Plaintiff's employment.

27. Any performance deficiencies cited by Defendant as justification for Plaintiff's termination were a direct result of Plaintiff's disability and Defendant's failure to provide reasonable accommodation therefor. An employer may not discipline or terminate a disabled employee for performance deficiencies caused by the employer's own refusal to accommodate.

## FIRST CAUSE OF ACTION
***(Disability Discrimination in Violation of the Americans with Disabilities Act, codified as 42 U.S.C. §12112 against Defendant MOTIVATE)***

28. Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

29. Pursuant to the Americans with Disabilities Act, codified as 42 U.S.C. §12112 it is unlawful for an employer, because of an individual's disability, to "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

30. Plaintiff's pinky was severed in an on-the-job injury while working for Defendants. Plaintiff suffers from a disability within the meaning of the ADA.

31. At all times relevant to the Complaint, Plaintiff was a “qualified individual” within the meaning of the ADA, 42 U.S.C. § 12111(8), in that Plaintiff was able to perform the essential functions of his position as a bicycle repairman, with or without reasonable accommodation, as demonstrated by his return to and performance of bicycle repair work following his injury.

32. Plaintiff was an employee within the meaning of the ADA, 42 U.S.C. §12112.

33. Defendants engaged in an unlawful discriminatory practice when they terminated Mr. Jones’s employment on the basis of his disability.

34. Defendant MOTIVATE was an employer within the meaning of the ADA, 42 U.S.C. §12112.

35. At all times relevant to the Complaint, Defendant MOTIVATE employed fifteen (15) or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and therefore is an employer subject to the ADA pursuant to 42 U.S.C. § 12111(5).

36. Plaintiff’s similarly situated non-disabled coworkers were not subjected to any of the above actions by the Defendants.

37. On or around September 20, 2023, Plaintiff returned to work. Approximately one month later, he returned to his bicycle repair duties. After a short period of lower-than-average productivity as Plaintiff learned to perform his work without the full use of his hands and fingers, he returned to his pre-injury productivity, repairing approximately 10 bicycles per day. For the period from his return to bicycle repair work through his termination, Plaintiff averaged more than the required eight bicycles per day.

38. Plaintiff's supervisor, Defendant MUHAMMAD, told him that he might be terminated as a result of his medical absences and allegedly lower than required productivity rate.

39. Within weeks of returning to his bicycle repair duties, and after already having regained his high pre-injury rate of productivity, Plaintiff was terminated based on allegations that his productivity was too low. Based on the foregoing, it is clear that Mr. Jones was subjected to discrimination based on his disability.

40. Defendant MOTIVATE's actions were wanton and in willful disregard of Plaintiff's rights under the law.

41. As a result of Defendant MOTIVATE's unlawful conduct, Plaintiff has been damaged as set forth herein and is entitled to the maximum compensation available under the law.

## SECOND CAUSE OF ACTION

***(Disability Discrimination in Violation of the New York State Human Rights Law against Defendants)***

42. Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

43. Pursuant to NYSHRL, N.Y. Exec Law § 296, it is unlawful for an employer because of an individual's disability to "discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions, or privileges of employment."

44. Plaintiff was an employee within the meaning of New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 292(6).

45. Plaintiff's pinky was severed in an on-the-job injury while working for Defendants. Plaintiff suffers from a disability within the meaning of the NYSHRL.

46. Defendants were employers within the meaning of NYSHRL, N.Y. Exec. Law § 292(5).

47. Defendants engaged in an unlawful discriminatory practice when they terminated Mr. Jones's employment on the basis of his disability.

48. Plaintiff's similarly situated non-disabled coworkers were not subjected to any of the above actions by the Defendants.

49. On or around September 20, 2023, Plaintiff returned to work. Approximately one month later, he returned to his bicycle repair duties. After a short period of lower-than-average productivity as Plaintiff learned to perform his work without the full use of his hands and fingers, he returned to his pre-injury productivity, repairing approximately 10 bicycles per day. For the period from when he returned to bicycle repair work to his termination, Plaintiff averaged more than the required eight bicycles per day.

50. Plaintiff's supervisor, Defendant MUHAMMAD, told him that he might be terminated as a result of his medical absences and allegedly lower than required productivity rate.

51. Within weeks of returning to his bicycle repair duties, and after already having regained his high pre-injury rate of productivity, Plaintiff was terminated based on allegations that his productivity was too low, despite meeting the minimum threshold and his average being based on his disability and medical leave. Based on the foregoing, it is clear that Mr. Jones was subjected to discrimination based on his disability.

52. Defendant's actions were wanton and in willful disregard of Plaintiff's rights under the law.

53. As a result of Defendant's unlawful conduct, Plaintiff has been damaged as set forth herein and is entitled to the maximum compensation available under the law.

**THIRD CAUSE OF ACTION**
***(Disability Discrimination in Violation of the New York City Human Rights Law against Defendants)***

54. Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

55. Pursuant to the NYCHRL, N.Y.C. Admin. Code § 8-107(1)(a), it is unlawful for an employer to discharge from employment or otherwise discriminate against any person because of such person's disability.

56. Plaintiff was an employee within the meaning of the NYCHRL, N.Y.C. Admin. Code § 8-102.

57. Plaintiff's severed pinky finger constitutes a disability within the meaning of the NYCHRL, N.Y.C. Admin. Code § 8-102, which defines disability broadly as any physical, medical, mental or psychological impairment.

58. Defendants were employers within the meaning of the NYCHRL, N.Y.C. Admin. Code § 8-102, and conducted business at all relevant times within New York City.

59. Defendants engaged in an unlawful discriminatory practice in violation of the NYCHRL when they terminated Mr. Jones's employment because of his disability.

60. Plaintiff's similarly situated non-disabled coworkers were not subjected to the same adverse employment actions by Defendants.

61. Defendants' conduct constituted disability discrimination under the NYCHRL in that Plaintiff's disability was a motivating factor in the decision to terminate his employment.

Under the NYCHRL's more plaintiff-friendly standard, Plaintiff need only show that his disability played any part in the adverse employment decision.

62. Defendants' actions were wanton and in willful disregard of Plaintiff's rights under the NYCHRL.

63. As a result of Defendants' unlawful conduct, Plaintiff has been damaged as set forth herein and is entitled to the maximum compensation available under the NYCHRL, including but not limited to compensatory damages, punitive damages, emotional distress damages, and attorneys' fees.

## FOURTH CAUSE OF ACTION

***(Failure to Accommodate in Violation of the Americans with Disabilities Act, 42 U.S.C. § 12112(b)(5) against Defendant MOTIVATE)***

64. Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

65. The ADA requires employers to provide reasonable accommodation to the known physical or mental limitations of an otherwise qualified employee with a disability, unless the employer can demonstrate that the accommodation would cause undue hardship. 42 U.S.C. § 12112(b)(5)(A).

66. Defendant MOTIVATE was aware of Plaintiff's disability and was therefore obligated to engage in a good-faith interactive process to identify and provide reasonable accommodations.

67. Plaintiff was a qualified individual with a disability who could perform the essential functions of his position with reasonable accommodation, as demonstrated by his successful return to bicycle repair duties and performance above the required productivity threshold.

68. Defendant MOTIVATE failed to engage in any interactive process with Plaintiff regarding reasonable accommodations for his disability. Defendant MOTIVATE unilaterally determined that Plaintiff's performance was unsatisfactory without considering whether reasonable accommodations would have enabled Plaintiff to meet the applicable performance standards.

69. Defendant MOTIVATE's failure to provide reasonable accommodation, and to engage in an interactive process, constitutes discrimination within the meaning of the ADA. An employer may not terminate an employee with a disability for performance deficiencies that are the direct result of the employer's own failure to accommodate.

70. Defendant MOTIVATE's actions were wanton and in willful disregard of Plaintiff's rights under the ADA.

71. As a result of Defendant MOTIVATE's unlawful failure to accommodate, Plaintiff has been damaged as set forth herein and is entitled to the maximum compensation available under the law.

## FIFTH CAUSE OF ACTION

***(Failure to Accommodate in Violation of the New York State Human Rights Law against Defendants)***

72. Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

73. The NYSHRL requires employers to provide reasonable accommodation to employees with disabilities unless such accommodation would constitute an undue hardship. N.Y. Exec. Law § 296(3). As amended in 2019, the NYSHRL is to be construed liberally, providing protections at least as broad as those under the NYCHRL. N.Y. Exec. Law § 300.

74. Defendants were aware of Plaintiff's disability and its functional impact on his work, yet failed to engage in any interactive process or provide any formal reasonable accommodation prior to terminating his employment.

75. Defendants' failure to accommodate Plaintiff's known disability constitutes unlawful discrimination under the NYSHRL.

76. Defendants' actions were wanton and in willful disregard of Plaintiff's rights under the NYSHRL.

77. As a result of Defendants' unlawful failure to accommodate, Plaintiff has been damaged as set forth herein and is entitled to the maximum compensation available under the NYSHRL.

## SIXTH CAUSE OF ACTION
***(Failure to Accommodate in Violation of the New York City Human Rights Law against Defendants)***

78. Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

79. The NYCHRL requires employers to make reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job, provided that the disability is known or should have been known by the employer. N.Y.C. Admin. Code § 8-107(15)(a). The NYCHRL's accommodation obligation is independently construed and is broader than that imposed by federal law.

80. Defendants knew of Plaintiff's disability and were obligated under the NYCHRL to engage in a cooperative dialogue with Plaintiff to identify potential reasonable accommodations. N.Y.C. Admin. Code § 8-107(28). Defendants failed to initiate or engage in any such dialogue.

81. Defendants' failure to provide reasonable accommodation and to engage in the required cooperative dialogue with Plaintiff constitutes an unlawful discriminatory practice under the NYCHRL.

82. Defendants' actions were wanton and in willful disregard of Plaintiff's rights under the NYCHRL.

83. As a result of Defendants' unlawful failure to accommodate, Plaintiff has been damaged as set forth herein and is entitled to the maximum compensation available under the NYCHRL, including compensatory damages, punitive damages, emotional distress damages, and attorneys' fees.

**WHEREFORE,** the Plaintiff demands judgment against the Defendants for all compensatory, emotional, psychological, and punitive damages, lost compensation, front pay, back pay, injunctive relief, and any other damages permitted by law pursuant to the above-referenced causes of action. It is respectfully requested that the Court grant the Plaintiff any other relief to which he is entitled, including but not limited to:

A. On the First Cause of Action on behalf of Plaintiff against Defendant MOTIVATE for all compensatory damages, costs and interest, punitive damages, along with all reasonable attorney fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

B. On the Second Cause of Action on behalf of Plaintiff against Defendants for all compensatory damages, costs and interest, punitive damages, along with all reasonable attorney fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

C. On the Third Cause of Action on behalf of Plaintiff against Defendants for all compensatory damages, costs and interest, punitive damages, along with all reasonable attorney fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

D. On the Fourth Cause of Action on behalf of Plaintiff against Defendant MOTIVATE for all compensatory damages, costs and interest, punitive damages, along with all reasonable attorney fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

E. On the Fifth Cause of Action on behalf of Plaintiff against Defendants for all compensatory damages, costs and interest, punitive damages, along with all reasonable attorney fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

F. On the Sixth Cause of Action on behalf of Plaintiff against Defendants for all compensatory damages, costs and interest, punitive damages, along with all reasonable attorney fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

G. Interest;

H. Costs and disbursements; and

I. Such other and further relief as is just and proper.

**Further,** Plaintiff demands a trial by jury.

Dated: Syosset, New York
May 12, 2026

Respectfully,

*Adam P. Grogan*

Adam P. Grogan, Esq.
Bell Law Group, PLLC
*Attorneys for Plaintiff*
116 Jackson Avenue
Syosset, New York 11791
(516) 280-3008
apg@belllg.com